**CIRCUIT COURT OF PRINCE WILLIAM COUNTY**

Leiston

v.

Allen
and Nationwide Ins. Co.

October 22, 1991

By JUDGE FRANK A. HOSS, JR.

This matter was taken under advisement by this Court to consider defendants' Allen and Nationwide Insurance Company's Motions for Summary Judgment. Be advised that I have reviewed the arguments of counsel and the memorandums and attached exhibits submitted by counsel, and for the reasons that follow, the Court denies the Motions for Summary Judgment.

To begin, I agree with the analysis made by Judge Stevens in his letter opinion in *Benefiel v. Walker*, Fairfax Cir. Ct. L99498. He concludes that the application of the "Fireman's Rule" in Virginia is grounded in the doctrine of assumption of the risk. The application of this doctrine has been attributed to a group of people who are employed by the government and are "held, as a matter of law, to assume the risks of injury occasioned by ordinary negligence inherently involved in the normal pursuit of their duties." *Commonwealth v. Millsaps*, 232 Va. 502, 509-510 (1987). I further agree with Judge Stevens when he comments that, in determining the applicability of the Rule, the Virginia Su-

preme Court has focused on the "inherent risks of the job" and "foreseeability."

To hold that the policy considerations underlying the "Fireman's Rule" dictate that all policemen, firemen, and certain other public safety officers injured while in the course of performing their duties are barred from recovering from individual tortfeasors would be too broad an application of the Rule. However, to approach each case on a "cause of the officer's presence," "zone of danger," or "independent negligent act" basis may constitute an improper narrowing of the application of the Rule. The Virginia approach of assumption of the risk and foreseeability (and certain other exceptions not applicable here; i.e., willful and wanton conduct) preserve the underlying policy considerations without leaving the public employees totally exposed to every risk and danger that might occur. For this reason, combined with the fact that the Virginia Supreme Court has neither adopted nor indicated that it would adopt the so-called "Independent Negligent Act" exception to the Fireman's Rule, I reject the plaintiff's request that I employ this exception as used in certain other jurisdictions.

Even though I have indicated I agree with Judge Stevens' analysis in the *Benefiel* case, I am not granting Summary Judgment in this case because the facts should be more developed to determine whether Officer Leiston assumed the risk of injury and whether such injury was foreseeable. All that is known about what Officer Leiston was doing at the time of the accident was that he was "directing traffic." Before this matter can be resolved, such facts as where he was standing, how he was dressed, what means of signalling he was using, his position in relationship to the vehicles in the other accident, and what other duties he was performing, if any, besides directing traffic should be addressed. These issues, as well as any other pertinent details as to what was happening at the time, should be developed either through stipulation of the parties or by presentation to the fact finder at trial.

The issue of whether the officer assumed the risk and whether the risk was foreseeable are questions for the jury unless reasonable men could not differ as determined by the court at the appropriate time. "When it is contended

that a defendant's negligence subjects the officer to an undue risk, not inherently involved in the normal pursuit of his duties, the issue of the officer's assumption of the risk becomes one of fact for the jury rather than a matter of law." *Millsaps*, at 510.